UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**United States of America,**

       **Plaintiff,**        Civil Action No. 11-11793

  vs.                    District Judge Mark A. Goldsmith

**Charles E. Griffiths,**       Magistrate Judge Mona K. Majzoub

       **Defendant.**

_____/

### REPORT AND RECOMMENDATION

      Plaintiff, the United States of America, has filed this breach of contract claim for Defendant Charles E Griffiths's failure to repay his student loans. (Dkt. 1, Compl.)  Before the Court is Plaintiff's motion for summary judgment. (Dkt. 9.)  The Court has been referred this motion for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[1]  On May 17, 2012 the Court issued a show cause order for Defendant to file a response to Plaintiff's motion for summary judgment by June 1, 2012. (Dkt. 12.)  Defendant failed to do so.

**I.   Recommendation**

      Because the Court finds that there is no genuine issue of material fact that Defendant has failed to pay the amounts required by his student loan contract, the Court recommends granting Plaintiff's motion for summary judgment and dismissing this case.

**II.   Report**

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

### A. Facts

On June 19, 1995 Defendant signed a promissory note to secure a Direct Consolidation loan from the United States Department of Education under the William D. Ford Federal Direct Loan Program. (Pl.'s Mot. for Summ. J., Ex. 1.) The loan was disbursed in August, November, and December, 1995. (*Id.*, Ex. 2, Certificate of Indebtedness.)

On January 23, 2001 Plaintiff demanded payment from Defendant, because Defendant had defaulted by failing to make the required payments. (Certificate of Indebtedness.)

Plaintiff states that, as of January 28, 2011, Defendant owed $50,270.63, with interest accruing daily. (Certificate of Indebtedness.) As of February 7, 2012, the amount owed was $51,288.40. (Pl.'s Mot. for Summ. J. at 2.)

### B. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' - that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). The revised Rule also provides the consequences of failing to properly support or address a fact:

2

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, id. at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," Hager v. Pike County Bd. Of Education, 286 F.3d 366, 370 (6th Cir. 2002).

### C. Analysis

"To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed [the note], (2) the government is the present owner or holder [of the note] and (3) the note is in default." *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (citation omitted). "Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Id.* (citation omitted).

### 1. Plaintiff has established a prima facie case

"The Government can establish a prima facie case that it is entitled to collect on a promissory note if it introduces the promissory note and a certificate of indebtedness signed under penalty of

3

perjury by a loan analyst." *Guillermety v. Sec'y of Educ.*, 341 F.Supp.2d 682, 688 (E.D. Mich. 2003) (Borman, J.) (citing *United States v. Davis*, 28 F. App'x. 502, 503).

Here, Plaintiff has established a prima facie case. Plaintiff has included the promissory note signed by Defendant. (Pl.'s Mot. for Summ. J., Ex. 1.) Plaintiff has also produced a Certificate of Indebtedness, which was signed under penalty of perjury by a loan analyst, indicating that Defendant defaulted on the loan. (Certificate of Indebtedness.)

Because the Government has established its prima facie case, the burden shifts to Defendant to "prov[e] the nonexistence, extinguishment or variance in payment of the obligation." *Petroff-Kline*, 557 F.3d at 290.

### 2. Defendant has not met his burden to prove the nonexistence, extinguishment, or variance in payment of the obligation

In order to rebut Plaintiff's prima facie case, "[i]t is not sufficient for the defendant to merely allege nonliability." *United States v. Johnson*, No. 02-75044, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005) (Rosen, J.) (citation omitted). Instead, Defendant must "produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt." *Id.*

In his answer to the complaint, Defendant argued that he was filing for Chapter VII bankruptcy and had included a "hardship petition" in order to discharge "any and all student loans." (Dkt. 4, Answer.) Plaintiff counters that it has reviewed Defendant's bankruptcy proceeding's records and the records show that "there was no adversary proceeding to discharge his student loan due to undue hardship and, therefore, his student loan was not discharged." (Pl.'s Mot. for Summ. J. at 4.) Defendant has provided no documentation in support of his argument.

Defendant therefore has failed to rebut the Government's prima facie case.

4

### C. Conclusion

Because Defendant has not met his burden to show that a genuine issue of material fact exists, the Court recommends granting Plaintiff's motion for summary judgment and dismissing this case. The Court therefore also recommends that Plaintiff is entitled to the amount of $51,288.40, plus interests, courts costs, and attorney fees, as provided for in the promissory note.

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate

to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   June 7, 2012                              s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

     I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 7, 2012                              s/ Lisa C. Bartlett
                                             Case Manager